**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**



FILED

MAY 25 2017

CLERK, U.S. DISTRICT COURT
RICHMOND, VA

**QASIM BILAL AL-AMIN BIN McDANIEL,**

      Plaintiff,

v.

      Civil Action No. **3:16CV760**

**WARDEN C. RATLEDGE,** *et al.,*

      Defendants.

## MEMORANDUM OPINION

Plaintiff, a federal inmate, has submitted this civil action. Plaintiff submitted this action as petition for a writ of habeas corpus under 28 U.S.C. § 2241. "[T]he settled rules [provide] that habeas corpus relief is appropriate only when a prisoner attacks the fact or duration of confinement, *see Preiser v. Rodriguez,* 411 U.S. 475 (1973); whereas, challenges to the conditions of confinement that would not result in a definite reduction in the length of confinement are properly brought" by some other procedural vehicle. *Olajide v. B.I.C.E.,* 402 F. Supp. 2d 688, 695 (E.D. Va. 2005) (emphasis omitted) (internal parallel citations omitted) (citing *Strader v. Troy,* 571 F.2d 1263, 1269 (4th Cir. 1978)). In this action, Plaintiff challenges his conditions of confinement at United States Penitentiary Lee ("USP Lee"). The named Defendants reside in the Western District of Virginia, and the events giving rise to the action are alleged to have occurred in the Western District of Virginia.

By Memorandum Order entered on September 27, 2016, the Court directed Plaintiff, within eleven (11) days of the date of entry thereof, to show good cause why this action should not be dismissed without prejudice to Plaintiff's filing of this action as a civil action in the

United States District Court for the Western District of Virginia. Plaintiff responded. Plaintiff also indicated that he was in the process of being transferred to USP Canaan in Pennsylvania. (ECF No. 4.)

"Once an inmate is removed from the environment in which he is subjected to the challenged policy or practice, absent a claim for damages, he no longer has a legally cognizable interest in a judicial decision on the merits of the claim." *Incumaa v. Ozmint*, 507 F.3d 281, 287 (4th Cir. 2007) (holding transfer or release moots claim for injunctive relief).[1] Because Plaintiff sought injunctive relief for the conditions at USP Lee and he has now been transferred, it appears the action is moot. Accordingly, by Memorandum Order entered on February 27, 2017, the Court directed Plaintiff, within eleven (11) days of the date of entry thereof, to show good cause why this action should not be dismissed as moot. The Court explained that Plaintiff must also identify the statute or rule that governs this action. The Court directed that if Plaintiff failed to comply with the above directives, the Court would construe the action as a civil rights action and would dismiss the action as moot. *See* Fed. R. Civ. P. 41(b).

After the Court granted a series of requests for extension of time, Plaintiff has now responded to the Court's February 27, 2017 Order. Plaintiff's Response clearly establishes that Plaintiff is challenging his diet, actions of employees of USP Lee, and other conditions of confinement during his previous confinement in USP Lee where he is no longer housed. Thus, his action could only be properly brought as a civil rights action pursuant to *Bivens*,[2] and may not be brought pursuant to 28 U.S.C. § 2241. As Plaintiff is now incarcerated in USP Canaan, he

---

[1] As the Court explained in its February 27, 2017 Memorandum Order, to the extent that Plaintiff seeks damages, he may not do so by way of 28 U.S.C. § 2241.

[2] *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

fails to demonstrate good cause as to why the action should not be dismissed as moot.

Accordingly, the Court construes this action as a civil rights action, and will dismiss the action as MOOT.

An appropriate Order shall issue.

/s/
M. Hannah Lauck
United States District Judge

Date: MAY 2 5 2017.
Richmond, Virginia